IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHERYL A. ELKINTON,

Plaintiff,

v.

JUDGE MARY ANNE SUMI, *et al.*,

Defendants.

OPINION AND ORDER

14-cv-341-wmc

---

CHERYL A. ELKINTON,

Plaintiff,

v.

WISCONSIN JUDICIAL COMMISISON,

Defendant.

OPINION AND ORDER

14-cv-342-wmc

---

CHERYL A. ELKINTON,

Plaintiff,

v.

WISCONSIN DEP'T OF JUSTICE, *et al.*,

Defendants.

OPINION AND ORDER

14-cv-343-wmc

---

CHERYL A. ELKINTON,

Plaintiff,

v.

CITY OF MADISON, *et al.*,

Defendants.

OPINION AND ORDER

14-cv-344-wmc

CHERYL A. ELKINTON,

Plaintiff,

v.

JUDGE KOVAL, *et al*.,

Defendants.

OPINION AND ORDER

14-cv-345-wmc

CHERYL A. ELKINTON,

Plaintiff,

v.

U.S. DISTRICT COURT,

Defendant.

OPINION AND ORDER

14-cv-346-wmc

Plaintiff Cheryl A. Elkinton has filed six lawsuits against an assortment of state and local officials. She also purports to sue the United States District Court for the Western District of Wisconsin. In all six cases, Elkinton has requested leave to proceed without any prepayment of fees or costs for purposes of the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a). The court must now determine whether Elkinton's proposed actions are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this lenient standard, plaintiff's request for leave to proceed must be denied for reasons set forth briefly below.

ALLEGATIONS

In the first complaint, No. 14-cv-341, plaintiff contends that Dane County Circuit Judge Mary Anne Sumi refused to recuse herself during a child custody proceeding involving plaintiff's children. Plaintiff contends that Judge Sumi also ruled against her during an eviction proceeding. Plaintiff complained about Judge Sumi's "despotic" rulings to the court of appeals and the Wisconsin Judicial Commission, but they "refused to cooperate."

In the second complaint, No. 14-cv-342, plaintiff contends that the Wisconsin Judicial Commission has refused to interview her about her complaints even though it is apparent that "a judge (or group of judges)" has committed "a crime." Plaintiff claims that the Wisconsin Judicial Commission's "lack of cooperation" and refusal to investigate her complaints of "injustice" are part of a "conspiracy." This has adversely affected her work on "a human size running wheel that charges batteries, for home use."

In the third complaint, No. 14-cv-343, plaintiff contends that the Wisconsin Department of Justice and the Dane County District Attorney's Office caused her to be wrongfully convicted of making bomb threats by e-mail.[1] Plaintiff was apparently "having trouble with" the recipients of these threats. Plaintiff agreed to a plea bargain in that case, but now insists that she is innocent and that the bomb threats were perpetrated by someone else who should be charged with "identity theft."

In the fourth complaint, No. 14-cv-344, plaintiff contends that the City of Madison and several of its employees have refused to adopt a "protected classification" for homeless

[1] Public records reflect that Elkinton was convicted of two counts of making bomb threats in violation of Wis. Stat. § 947.015 in *State v. Elkinton*, Dane County Case No. 2008CF978. *See* Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited May 15, 2014). She was sentenced to thirty months' probation in that case.

vegans. In particular, she claims that personnel at a "homeless property storage facility" refused to let her plug in her crock pot. Plaintiff believes she should be placed in charge of the homeless property storage facility because current staff members have refused to accommodate her vegan lifestyle and are rude.

In the fifth complaint, No. 14-cv-345, plaintiff contends that Dane County Circuit Judge Koval and city attorneys acted with contempt during a misdemeanor case involving plaintiff. Plaintiff was evidently ordered to perform community service as a result of a conviction. She claims that the conviction violated her rights to due process and freedom of expression as a "free thought" vegan.

In the sixth complaint, No. 14-cv-346, plaintiff claims that this court wrongly dismissed several cases filed in 2012 against President Obama and other government officials. Plaintiff recognizes that it is too late to pursue an appeal, but believes that her cases involve important environmental issues, including the condition of trees planted outside the courthouse, which have been damaged by exposure to rock salt, continuous shade and their close proximity to "solar panels."

## OPINION

Although *pro se* pleadings are subject to generous interpretation, *see Haines*, 404 U.S. at 520-21, a court may dismiss a *pro se* complaint as frivolous where it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (observing that "[28 U.S.C. § 1915] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless"). Allegations qualify as factually frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B) if they are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, if a complaint pleads facts showing that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004).

To the extent that plaintiff takes issue with several state court proceedings that have resulted in an adverse judgment, she fails to articulate a basis for federal review. First, any claim against Judge Sumi or Judge Koval would be barred by absolute judicial immunity. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349 (1978) (holding that judges are absolutely immune from damage awards in civil rights cases for acts taken in their judicial capacities). Second, any challenge to plaintiff's eviction or child-custody proceeding would be barred by the *Rooker Feldman* doctrine.[2] *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Third, any challenge to a state court conviction would be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

As the descriptions of her proposed complaints reflect, plaintiff's remaining allegations consist mainly of rambling, incoherent accusations that fail to articulate a cognizable claim

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

under federal or state law. Because plaintiff's complaints are unintelligible, these cases must be dismissed.

On at least five other occasions, Elkinton has filed lawsuits that were dismissed as legally frivolous. *See Elkinton v. President of the United States, et al.*, 12-cv-681-wmc (W.D. Wis.); *Elkinton v. President of United States and Cabinet, et al.*, 12-cv-694-wmc (W.D. Wis.); *Elkinton v. Obama, et al.*, 12-cv-717-wmc (W.D. Wis.); *Elkinton v. President of Us All*, 12-cv-769-wmc (W.D. Wis.); *Elkinton v. U.S. Environmental Protection Agency*, No. 13-cv-166-wmc (W.D. Wis.). In an order entered on April 5, 2013, Elkinton was warned that she would face sanctions if she continues to abuse scarce judicial resources with frivolous filings, potentially to include a bar on further filings and/or monetary penalties. *See Elkinton v. U.S. Environmental Protection Agency*, No. 13-cv-166-wmc (W.D. Wis.).

By filing six new frivolous lawsuits, Elkinton obviously failed to heed that warning. Her disregard for court orders invites sanctions. *See, e.g., Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010) (orders barring vexatious litigants from filing new papers without court approval "are standard remedies for misconduct in litigation"); *United States v. Robinson*, 251 F.3d 594, 595 (7th Cir. 2001) (answering the question of what to do with a litigant who inundates the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious matters and motions); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (barring a vexatious *pro se* litigant from filing new papers in the federal courts of the Seventh Circuit for a period of two years); *Miller v. United States*, 868 F.2d 236, 241-42 (7th Cir. 1989) (upholding a district court's order requiring a vexatious litigant to obtain prior leave of court before filing new papers); *Lysiak v. C.I.R.*, 816 F.2d 311, 313 (7th Cir. 1987) ("A court faced with a litigant engaged in

a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court.").

In the future, any motions, complaints or other materials she files in this district will be docketed and sent to chambers for review. If her submissions seem to have any plausible merit, they will be addressed. If not, they will be retained but the court will take no action on them. *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Elkinton is warned that she risks additional sanctions, including monetary penalties, if she continues to abuse court resources with frivolous filings.

ORDER

IT IS ORDERED that:

1) Plaintiff Cheryl Elkinton's request for leave to proceed *in forma pauperis* is DENIED and the above-captioned cases are DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

2) All future motions, complaints or other materials filed by plaintiff in this district will be docketed and forwarded to chambers without judicial action unless the court orders otherwise.

Entered this 16th day of May, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge